## SHARFSIN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 6, 1920.)

No. 1752.

1. **Criminal law ⬳401—On trial of bankrupt for concealment of property, appointment of trustee may be proved by parol.**

   On trial of a bankrupt for fraudulently concealing property of the estate from his trustee, the appointment of the trustee is a collateral fact, which may be proved by parol.

2. **Bankruptcy ⬳491—Failure of trustee to give bond not defense to charge of concealment of property.**

   That the trustee appointed for a bankrupt failed to give bond, where he continued to act as trustee and there was no declaration of vacancy, *held* not a defense to a prosecution of bankrupt for fraudulent concealment of property from the trustee.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Criminal prosecution by the United States against M. Sharfsin. Judgment of conviction, and defendant brings error. Affirmed.

George B. Timmerman, of Lexington, S. C., and Samuel Feldman, of Philadelphia, Pa. (Timmerman, Graham & Callison, of Lexington, S. C., on the brief), for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. On April 29, 1918, the defendant, M. Sharfsin, was adjudicated an involuntary bankrupt. On June 3, 1919, he was convicted on an indictment containing one count, charging that he knowingly and fraudulently concealed from Clayton S. Warner, his trustee, $1,500, a part of his bankrupt estate. A motion for a new trial on after-discovered evidence was refused.

Error is assigned in the refusal of the District Court to direct a verdict on the ground that the testimony failed to sustain the charge. There is no dispute as to the material facts. The petition in involuntary bankruptcy was filed on January 14, 1918. On January 25, 1918, on a return to a rule to show cause, the District Court appointed Warner receiver, pending the consideration of the petition, and the receiver immediately took charge of all the visible property. On January 9, 1918, before the petition was filed, the defendant purchased for cash from the Citizens' Bank of Allendale that bank's check on a New York bank for $1,500. On March 5, 1918, after the petition was filed, the defendant returned the check to the bank and received from it $1,500 in cash. C. H. Schneider & Bro. having set up a claim to certain chattel mortgages held by the receiver, the court appointed a referee to take testimony and report on the validity of the claim. On

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the cross-examination of the defendant, who appeared as a witness on behalf of Schneider & Bro., information was elicited for the first time of his check transactions with the Bank of Allendale. The defendant, however, undertook to justify himself by saying that he had used $800 of the money in payment of a personal debt to his brother-in-law and $700 in payment of doctor's bill and the expenses of his daughter's marriage. While Warner was still receiver, and before he was appointed trustee, he was informed of the purport of defendant's testimony at the reference. At the first meeting of creditors, the defendant made an offer of composition, and a payment of $1,500 to meet the offer was made in the name of Schneider & Bro. for the benefit of defendant. Warner was not appointed trustee until the 10th of June, 1918, about 60 days after the offer of composition was made.

The court rejected the offer of composition on the ground that it appeared prima facie that the defendant improperly failed to "turn over his assets" and "had sought covertly to secure to himself part of the assets of his bankruptcy." The trustee was ordered to take proper steps to recover the $1,500 referred to in the testimony, and "to lay all the papers and testimony in this matter before the United States district attorney for this district for his investigation and action as the case may in his opinion call for action." Immediately upon the filing of this order, the defendant directed the referee to turn over the $1,-500 to the trustee for distribution among creditors, thus confessing that the money was furnished by him and was part of his estate.

[1] From this statement the fraudulent concealment by the defendant of the $1,500, part of his bankrupt estate, with intention to deprive his creditors of it and retain it for his own use, is perfectly manifest. He seeks to escape on the grounds (1) that there was no legal proof of the appointment of Warner as trustee, and (2) that, even if Warner was appointed trustee, his office became vacant, because he failed to qualify by giving the bond required by the statute within 10 days after his appointment. In support of the first position it is contended that the appointment of Warner could only be proved by the production of the order of the court, and that it was error to allow Warner to testify orally that he had been appointed. The evidence shows conclusively that Warner acted as trustee, and that his official status was recognized by the court and the defendant, and all others concerned. The issue was not as to the precise contents of the order of appointment, but as to the fact of appointment. On such an issue parol evidence is admissible without the production of the record. Lowry v. Pinson, 2 Bailey (S. C.) 324, 328, 23 Am. Dec. 140; Spiers v. Willison, 4 Cranch, 398, 2 L. Ed. 659; Taylor v. Moore, 63 Vt. 60, 21 Atl. 919. Since the court was not adjudicating the right of Warner to the position of trustee, the appointment was a collateral matter which could be established by parol. 9 Enc. of Ev. 189; 10 R. C. L. 904.

[2] It was shown by the evidence presented in support of the motion for a new trial on after-discovered evidence that Warner did not qualify as trustee by giving the bond required by the statute until

June 10, 1919. Section 50k of the bankruptcy statute (Comp. St. § 9634) provides:

"If any referee or trustee shall fail to give bond, as herein provided and within the time limited, he shall be deemed to have declined his appointment, and such failure shall create a vacancy in his office."

Although the trustee did not give bond, and although the statute provides that the office shall be vacant upon his failure to do so within 10 days, he nevertheless remained the de facto trustee, charged with all the official duties of the position, and entitled to enforce all the rights of a trustee against the defendant. These rights and duties could only be ended by the judicial declaration of a vacancy. The principle has been too often decided to require discussion. Ex parte Ward, 173 U. S. 452, 19 Sup. Ct. 459, 43 L. Ed. 765; Wright & Wade v. United States, 158 U. S. 232, 15 Sup. Ct. 819, 39 L. Ed. 963; Norton v. Shelby County, 118 U. S. 425, 445, 446, 6 Sup. Ct. 1121, 30 L. Ed. 178; In re Manning, 139 U. S. 504, 11 Sup. Ct. 624, 35 L. Ed. 264; Ball v. United States, 140 U. S. 118, 129, 11 Sup. Ct. 761, 35 L. Ed. 377; Reichert v. Missouri, etc., Coal Co., 231 Ill. 238, 83 N. E. 166, 121 Am. St. Rep. 307; Oliver v. Mayor, etc., 63 N. J. Law, 634, 44 Atl. 709, 48 L. R. A. 412, 76 Am. St. Rep. 228; State v. Coleman, 54 S. C. 282, 32 S. E. 406.

There is nothing in the point that on cross-examination before the referee the defendant disclosed his transactions concerning the $1,500, and that this disclosure was made known to Warner before he was appointed trustee. It is true the defendant did testify that he had obtained the money from the bank before he was adjudicated bankrupt, but he also testified that he had parted with its possession for legitimate purposes before the adjudication. The concealment of the $1,500 began before the adjudication in bankruptcy, and was continued up to the time that defendant directed it to be paid to the trustee for distribution among creditors.

The other points are too unsubstantial to require particular notice. Affirmed.