**In re HOLIDAY ISLES, LTD., Debtor.**

**Bankruptcy No. 80–01325–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

March 21, 1983.

Justin P. Havee and Jeanette E. Tavormina, Miami, Fla., former co-trustees.

Timothy J. Norris, Miami, Fla., for Chase Manhattan Bank.

Francis Carter, Steel, Hector & Davis, Miami, Fla., for Ed and Greg Goebel.

Louis Phillips, Phillips & Phillips, P.A., Miami, Fla., for former co-trustees.

Leo Greenfield, Greenfield & DuVal, P.A., North Miami, Fla., for Holiday Isles, Ltd. and R.S. Grist Co.

Margaret Graf, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for Mid-Bay Investments, Inc.

Richard H.M. Maidman, New York City, for TNS Management Corp.

Turner, Hodson, Watkins & Lynn, Homestead, Fla., for Barnett Bank of Homestead.

John Rodgers Camp, Jr., Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for Deliotte, Haskins, & Sells.

Lee Ross, Tavernier, Fla., trustee.

## ORDER DENYING CO–TRUSTEES' MOTION TO DISMISS MOTION TO REMOVE CO–TRUSTEES

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came before the Court on the Co-Trustees' Motion to Dismiss the Motion to Remove Co-Trustees filed by The Chase Manhattan Bank, N.A. ("Chase"). The Court has considered the motion, the evidence presented at the hearing on the Motion to Remove Co-Trustees, the arguments of counsel, and is fully advised in the premises.

On December 11, 1980, the Court appointed Justin P. Havee and Jeanette Tavormina ("the Co-Trustees") as co-trustees of the estate of Holiday Isles, Ltd., a Debtor under Chapter 11 of the Bankruptcy Code. On February 24, 1983, Chase, a creditor of the Debtor's estate, filed a motion to remove the Co-Trustees from office. In response to Chase's motion, the Co-Trustees filed a Motion to Dismiss Chase's motion for their removal.

The ground for the Co-Trustees' motion is that Chase's motion for their removal is without any basis in law or fact because the Co-Trustees never duly qualified for the office of trustee. It is undisputed that the file in this case does not reflect that they posted a penal bond pursuant to 11 U.S.C. § 322(a) and Rule 212(a), *Rules of Bankruptcy Procedure,* both of which provide that every trustee shall, within five days after his appointment, qualify for his office by filing a bond in favor of the United

States conditioned on the faithful performance of his official duties. The Court, in its order appointing them, required the Co-Trustees each to post a bond in the amount of $25,000.00. They failed to do so because, they contend, they never received a copy of the Court's order appointing them as Co-Trustees and setting the amount of their bonds. They further contend that the result of their failure to qualify by filing the bonds is that they never were trustees and thus cannot be removed from an office which they never held.

Courts faced with a trustee's failure to technically qualify have long recognized the concept of a "de facto" trustee of a bankrupt estate. For example, in *Sharfsin v. United States,* 265 F. 916 (4th Cir.1920), it was argued that the trustee had failed to timely post a bond and thus had not formally qualified as trustee. Notwithstanding the explicit provisions of § 50k of the Bankruptcy Act of 1898,[1] the court held that the person was the de facto trustee:

> The evidence shows conclusively that Warner acted as trustee, and that his official status was recognized by the court and the defendant, and all others concerned . . . Although the trustee did not give bond, and although the statute provides that the office shall be vacant upon his failure to do so within 10 days, he nevertheless remained the *de facto trustee, charged with all the official duties of the position,* and entitled to enforce all the rights of a trustee against the defendant. *These rights and duties could only be ended by the judicial declaration of a vacancy.* The principle has been too often decided to require discussion. 265 F. at 917, 918 (emphasis added, citations omitted).

The court in *In re Martinez,* 355 F.Supp. 650 (D.P.R.1972), faced with a similar factual situation, also recognized that a failure to fulfill all the requirements of qualification does not prevent a person from being treated as a de facto trustee:

> On the basis of [the trustee's failure to post a bond], they claim that the Trustee is acting without authority in this proceeding. We need not detain ourselves unnecessarily on this issue. The short answer to this claim is that even though a trustee has not given bond within the term stated in Section 50(b) of the Act (within five days after appointment or within such further time as the Court may permit, not exceeding five days) the trustee's acts are valid as having been carried out as a *de facto* trustee. The right of the trustee to act as such and to officially perform his duties can only be ended by a judicial declaration of vacancy. 355 F.Supp. at 654 (emphasis in original).

*See also Kelly v. United States,* 47 F.2d 122 (5th Cir.1931); *In re Upright,* 1 B.R. 694 (Bkrtcy.N.D.N.Y.1979).

The legal concept of a de facto trustee is an application of a long-settled general proposition of law that a person can de facto represent an entity and that form will not be elevated over substance. For example, a person exercising the duties of a director or officer of a corporation who has not been validly elected or appointed as a de jure director or officer is treated by courts as a de facto director or officer who is subject to all duties and liabilities of a de jure director or officer, and whose actions are fully binding on the corporation. *See generally,* Henn, *Law of Corporations* §§ 206, 222 (2d ed. 1970); 19 *Am.Jur.2d,* "Corporations" §§ 1100–1104 (1965).

De facto bankruptcy trustees and de facto corporate directors and officers should be treated similarly because a bankruptcy trustee has duties, responsibilities and obligations akin to those of a corporate director or officer. For example, a bankruptcy trustee has fiduciary responsibilities to the debtor's estate which he or she represents. *See, e.g., In re Arlan's Department Stores, Inc.,* 462 F.Supp. 1255, 1261–62 (S.D.N.Y.), *aff'd,* 615 F.2d 925 (2d Cir.1979); *In*

1. Section 50k then read: "If any referee or trustee shall fail to give bond, as herein provided and within the time limited, he shall be deemed to have declined his appointment, and such failure shall create a vacancy in his office."

re Endeco, Inc., 1 B.R. 64, 67 (Bkrtcy.D.N.D. 1979). A director or officer representing a corporation possesses fiduciary responsibilities to the corporation and its stockholders similar to those of a trustee. *See, e.g.,* 19 *Am.Jur.2d,* "Corporations" § 1272 (1965); *Orlando Orange Groves Co. v. Hale,* 107 Fla. 304, 144 So. 674, 677 (1932). Likewise, a trustee in a reorganization case has the discretionary authority to exercise his business judgment in operating the debtor's business akin to the discretionary authority to exercise business judgment given to an officer or director of a corporation. *Compare In re Airlift International, Inc.,* 18 B.R. 787 (Bkrtcy.S.D.Fla.1982) *with Schein v. Caesar's World, Inc.,* 491 F.2d 17 (5th Cir.), *cert. den.* 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974).

▮ Since a de facto corporate director or officer is treated in all respects as a de jure director or officer, he is subject to the fiduciary duties of a de jure director or officer. *South Seas Corp. v. Sablan,* 525 F.Supp. 1033 (D.N. Mariana Islands 1981), *aff'd,* 691 F.2d 508 (9th Cir.1982). Accordingly, he cannot set up as a defense to an action for mismanagement of the corporation the fact that he is not a de jure director or officer. In *In re Globe Drug Co.,* 104 F.2d 114 (9th Cir.1939), a bankruptcy trustee brought suit against a director of a corporation to recover corporate funds that the director had misappropriated. The director's defense was that he was not a de jure director and thus he did not utilize his office as director to misappropriate corporate funds. The court, holding that the person was a de facto director, found his argument to be devoid of merit:

> "Persons who hold office as directors, or other officers, with the consent of the corporation, and under color of an election or appointment, are de facto officers, although their election or appointment may have been illegal ... " Here, there was color of an election; appellant assumed his duties, and did act; he did not renounce his election; and there was no proof that he did not hold his office. We think he was a de facto director, and may

not assume the office, and at the same time shed his duties and liabilities. Accordingly, he is estopped to assert that he was not a director. 104 F.2d at 117–118. *See also Providence Steam-Engine Co. v. Hubbard,* 101 U.S. 188, 25 L.Ed. 786 (1879); *Blackwelder v. D'Ercole Enterprises, Inc.,* 148 So.2d 721 (Fla. 3d DCA 1963).

Likewise, de facto bankruptcy trustees cannot interpose as a defense to a suit brought against them based upon their actions as trustees the fact that they never qualified as de jure trustees. In the present case, the Co-Trustees are attempting to do just that. The argument supporting their Motion to Dismiss is similar to the unmeritorious argument advanced by the director in *Globe.* Accordingly, if, as Chase contends, the Co-Trustees are de facto trustees of the Debtor's estate, their argument in support of the Motion to Dismiss must fail.

▮ The Court concludes that the Co-Trustees are de facto trustees of the Debtor's estate. They acted pursuant to an order of the Court appointing them Co-Trustees; thus, they acted under color of appointment. They have appeared before the Court on numerous occasions acting as trustees, and in fact, upon their application to the Court, have been reimbursed from estate funds for expenses they have incurred as trustees. The Court takes judicial notice of the entire file of this case since December 11, 1980, which reflects that the Co-Trustees have filed many pleadings and other papers in which they represented themselves to be trustees. The file also reflects the fact that they have employed counsel who has represented them in their capacity as trustees throughout their administration of the estate. In sum, for over two years, the Co-Trustees have acted as trustees, have held themselves out to be trustees, and have been treated as trustees by the Court, creditors, employees of the estate, and all other interested parties. In fact, until they disclosed that they had failed to post a bond, there had been no question raised as to their qualification as Co-Trustees pursuant to § 322. According-

ly, the Court must deny the Motion to Dismiss because they are de facto trustees of this estate.

Furthermore, the Court concludes that the Co-Trustees are estopped to contend that they are not trustees of the estate. Their present position is inconsistent with their prior representations that they are the Co-Trustees of the estate, which is the position they have consistently taken before the Court during the past two years. The doctrine of judicial estoppel, which precludes a party from taking a position before any court which is inconsistent with a prior position taken in a judicial proceeding, is applicable here. *See, e.g., Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir.1953), in which the court stated:

> Such use of inconsistent positions would most flagrantly exemplify that playing "fast and loose with the courts" which has been emphasized as an evil the court should not tolerate... And this is more than an affront to judicial dignity. For intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. (citations omitted).

*See also Texas Co. v. Gulf Refining Co.*, 26 F.2d 394 (5th Cir.), *cert. den.*, 278 U.S. 625, 49 S.Ct. 27, 73 L.Ed. 545 (1928); *Livesay Industries, Inc. v. Livesay Window Co.*, 202 F.2d 378 (5th Cir.), *cert. den.*, 346 U.S. 855, 74 S.Ct. 70, 98 L.Ed. 369 (1953). *See generally,* 1B *Moore's Federal Practice* ¶ 0.405[8] (2d ed. rev. 1982).

Unless and until the Court declares a judicial vacancy, the Co-Trustees are the de facto trustees of the Debtor's estate, with all of the duties, responsibilities, rights and liabilities arising from that office. To hold otherwise would cast doubt upon the validity of the Co-Trustees' actions during their administration of the estate and would place in disarray the future administration of the estate, which requires the management and operation of an ongoing business.

Accordingly, it is

ORDERED that the Co-Trustees' Motion to Dismiss the Motion to Remove Co-Trustees is denied.