United States Court of Appeals,

Fifth Circuit.

No. 92-2561

Summary Calendar.

W.J. SERVICES, INC., Plaintiff,

Wood F. Jones and Mary L. Jones, Plaintiffs-Appellants,

v.

COMMERCIAL STATE BANK OF EL CAMPO, et al., Defendants-Appellees.

May 12, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

We are called upon to visit the bankruptcy and related proceedings of the Jones' and their corporation for the third time. Briefly stated, this appeal raises the question whether the failure of the Trustee appointed by the bankruptcy court to qualify as trustee (he failed to post a bond) deprives the bankruptcy court of jurisdiction to approve a settlement of litigation between the bankruptcy estate and the bankrupts' former banker.

It does not. A proceeding to determine the acceptability of agreements compromising claims of the bankruptcy estate is a core proceeding which can be finally heard and determined by the bankruptcy court subject to review by the district court. 28 U.S.C. § 157(b)(2); *see In re Case,* 937 F.2d 1014 (5t h Cir.1991). Moreover, the bankruptcy code expressly provides, "A vacancy in the office of trustee during a case does not abate any pending action or proceeding." 11 U.S.C. § 325. Numerous other courts have held that the failure of a "de facto" bankruptcy trustee to qualify does not invalidate the trustee's pre-qualification acts. *See Sharfsin v. United States,* 265 F. 916, 918 (4th Cir.1920); *In re Martinez,* 355 F.Supp. 650, 654 (D.C.P.R.1972); *In re Holiday Isles, Ltd.,* 29 B.R. 827, 829-31 (Bankr.S.D.Fla.1983); *In re Upright,* 1 B.R. 694, 698 (Bankr.N.D.N.Y.1979).

The judgment of the district court is

AFFIRMED.