## In re LAKE REGION OPERATING CORP., Debtor.

### Bankruptcy No. 5–92–01149.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

April 14, 1997.

Lisa M. Doran, Wilkes–Barre, PA, for Scott Bennett.

Joseph G. Murray, Wilkes–Barre, PA, for George P. Irish and Diane Stought.

Francis Hoegen, Wilkes–Barre, PA, for Robert Sheils.

Robert Sheils, Scranton, PA, Chapter 7 Trustee.

Peter Cavalier, Bayville, NY, Pro Se.

### *OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

Prior to the adjudication of Lake Region Operating Corporation as an involuntary Debtor in bankruptcy, this corporation was subject to a state court receivership under 15 Pa.C.S.A. § 1981, et seq. On December 9, 1991, by Order of Judge Conway of the Court of Common Pleas of Wayne County, Attorney Scott B. Bennett was appointed Receiver of the estate.

While his original appointment required Mr. Bennett to secure a bond in the amount of Two Hundred Thousand Dollars ($200,-000.00), the bond was later reduced to One Hundred Thousand Dollars ($100,000.00), pursuant to Mr. Bennett's request.

Mr. Bennett proceeded to liquidate the assets of Lake Region Operating Corporation. These assets consisted primarily of an Arby's restaurant franchise together with equipment and real estate. It was during his efforts to distribute the proceeds of that liquidation that the involuntary petition was filed before this Court.

On July 14, 1994, this Court ordered relief under § 303(h)(1).

Pursuant to Federal Rule of Bankruptcy Procedure 6002, the Chapter 7 Trustee, Robert Sheils, Esquire, received the Final Report of Scott B. Bennett, Receiver, together with his application for compensation. The Court has spent four days hearing testimony with regard to those two matters. During the course of that testimony, it was learned that Mr. Bennett never obtained a bond as provided for in his Order of appointment as well as under Pennsylvania Rule of Civil Procedure 1533(d).

Rule 1533(d) reads as follows:

**Rule 1533. Special Relief. Receivers**

(d) Except as otherwise provided by an Act of Assembly, a receiver, whether temporary or permanent, must give such security for the faithful performance of his duty as the court shall direct. A receiver shall not act until he has given the security required.

■ With this background, and realizing that the briefing of the legal issues raised over four days of testimony may be rather complex, the Court decided to bifurcate the issues to initially consider whether Mr. Bennett is capable of receiving *any* compensation inasmuch as he failed to secure a bond. In other words, was securing of this bond a condition precedent for Mr. Bennett receiving compensation?

Briefs on this issue have been submitted by both Mr. Bennett and the Trustee.

11 U.S.C. § 543 provides for the turnover of property by a custodian. Subsection (c)(2) of that section reads as follows:

**§ 543. Turnover of property by a custodian.**

(c) The court, after notice and a hearing, shall ——

(2) provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian;

A custodian is defined in 11 U.S.C. § 101(11) as follows:

**§ 101. Definitions. In this title ——**

(11) "custodian" means ——

(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;

(B) assignee under a general assignment for the benefit of the debtor's creditors; or

(C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors;

It is important to note that neither the research of the parties nor the Court's own independent research has come across any case that has specifically barred an allowance to an unbonded receiver.

■ Nevertheless, I am satisfied that Mr. Bennett's failure to secure a bond as provided in the Court Order, the Pennsylvania Rules of Civil Procedure, and 15 Pa. C.S.A. § 1986, have prevented Mr. Bennett from sitting as a receiver *de jure*. Notwithstanding that conclusion, the law appears to support the proposition that Mr. Bennett's actions during the receivership were authorized under the principle that the Court has not yet vacated the appointment and, therefore, he acted as a *de facto* receiver. *Ex parte Ward*, 173 U.S. 452, 19 S.Ct. 459, 43 L.Ed. 765 (1899), ("The result of the authorities is that the title of a person acting with color of authority, even if he be not a good

officer in point of law, cannot be collaterally attacked ..."); *Com. v. Gregory*, 261 Pa. 106, 104 A. 562, (1918), (de facto executor); *Sharfsin v. United States*, 265 F. 916, 918 (4th Cir.1920), (de facto trustee); *In re Holiday Isles, Ltd.*, 29 B.R. 827, 829–31 (Bankr. S.D.Fla.1983) (de facto trustee); *In re Upright*, 1 B.R. 694, 698 (Bankr.N.D.N.Y.1979) (de facto trustee). "[T]he failure of a 'de facto' bankruptcy trustee to qualify does not invalidate the trustee's pre-qualification acts." *W.J. Services, Inc. v. Commercial State Bank of El Campo*, 990 F.2d 233 (5th Cir.1993), *cert. denied*, 510 U.S. 948, 114 S.Ct. 391, 126 L.Ed.2d 339 (1993).

█ It is normal to consider the failure of a receiver to secure a bond when required, to be deemed a disclaimer of the appointment if not secured within a reasonable time. 2 Austin Wakeman Scott & William Franklin Fratcher, The Law of Trusts, § 102.2 (2d ed.1987). That does not mean, however, that Mr. Bennett was not serving as the *de facto* receiver.

█ Mr. Bennett's failure to secure a bond should be admonished and may result in a reduced allowance. Nevertheless, the language of § 543(c)(2) is rather broad and empowers the bankruptcy court to provide for a reasonable compensation for services rendered by a custodian. The definition of custodian is not limited to a duly qualified receiver, but encompasses a trustee who is "authorized" to take charge of such property for the benefit of the debtor's creditors.

Black's Law Dictionary defines "trustee" as a

[p]erson holding property in trust. Restatement, Second, Trusts, § 3(3).

The person appointed, or required by law, to execute a trust. One in whom an estate, interest, or power is vested, under an express or implied agreement to administer or exercise it for the benefit or to the use of another. One who holds legal title to property "in trust" for the benefit of another person (beneficiary) and who must carry out specific duties with regard to the property. The trustee owes a fiduciary duty to the beneficiary. *Reinecke v. Smith*, Ill., 289 U.S. 172, 53 S.Ct. 570, 77

L.Ed. 1109. *Black's Law Dictionary* 1514 (6th ed.1990).

Mr. Bennett's activities on behalf of this corporation match up precisely with those duties that would befall a trustee above defined. It is the Court's conclusion, therefore, that Mr. Bennett's failure to properly qualify as a state court receiver does not automatically exclude him from receiving compensation under 11 U.S.C. § 543(c)(2).

Pursuant to our Proceeding Memo of August 9, 1996, a post-trial conference among parties is hereby scheduled for **Thursday, May 1, 1997,** at **10:00** o'clock A.M. in Courtroom No. 1, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes–Barre, Pennsylvania.