**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2005[*]
Decided June 29, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1222

| | |
|---|---|
| IN RE: DONNA S. RING,<br>    *Debtor-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 03-C-470-S<br><br>John C. Shabaz,<br>*Judge.* |

**O R D E R**

After Donna Ring filed for bankruptcy, the trustee proposed to settle a suit that she had pending in Wisconsin state court. Ring objected, but the bankruptcy court approved the settlement. The district court affirmed that decision, as do we.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In February 2002, Ring petitioned a Wisconsin court to award her a share of Ralph Wrezic's estate; she claimed to be a nonmarital daughter mistakenly omitted from his will. *See* Wis. Stat. § 853.25(2). The court granted summary judgment for the estate and interested parties, including Wrezic's widow, reasoning that Ring, who is over 50, had missed a statute of limitations requiring paternity suits to be brought before the plaintiff's nineteenth birthday. *See* Wis. Stat. § 893.88. The court also concluded that Ring, who was pro se, had failed to meet her evidentiary burden because she never responded to the motion for summary judgment. Ring appealed to the Wisconsin Court of Appeals.

That appeal was still pending when Ring filed for bankruptcy in October 2002. Ring listed the state litigation on her Chapter 7 property schedules but valued it at zero. She objected, however, when the trustee sought approval to settle the matter for $12,000. After the settlement was proposed, she also amended her bankruptcy schedules to list the inheritance claim as exempt property, which she now valued at $7,374. Ring chose that amount because it was the remainder available to her under the "wild card" exemption of 11 U.S.C. § 522(d)(5).

Before approving the settlement in January 2003, the bankruptcy court heard testimony from the trustee, who characterized the inheritance claim as frivolous based on his understanding of the statute of limitations and his reading of the trial court's decision and the pro se brief Ring had filed with the appellate court. Counsel for Wrezic's widow testified, too, adding that at summary judgment Ring produced no evidence of paternity anyway. The court agreed with the trustee that the bankruptcy estate should not be squandered on "long shot" litigation, a conclusion shared by the district court when Ring appealed. Ring received a discharge in January 2003 immediately after the bankruptcy court approved the settlement. The state appeal, she says, is stayed pending the outcome of her appeal to this court.

Bankruptcy courts may approve a trustee's proposal to compromise claims of the estate, including legal claims, *see* 28 U.S.C. § 157(b)(2); *W.J. Servs. v. Commercial State Bank of El Campo*, 990 F.2d 233, 234 (5th Cir. 1993) (per curiam); *In re Holywell Corp.*, 913 F.2d 873, 881 (11th Cir. 1990), subject to review by the district court and, in turn, this court, 28 U.S.C. § 158(a), (d); *see In re Weinhoeft*, 275 F.3d 604, 604 (7th Cir. 2001). Ring argues, however, that the bankruptcy court lacked jurisdiction to approve the settlement due to the "probate exception" to federal jurisdiction and the *Rooker-Feldman* doctrine. The latter theory is groundless since *Rooker-Feldman, see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), precludes lower federal courts from reviewing state-court civil judgments, *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 125 S. Ct. 1517, 1521–22 (2005); *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (per curiam), which is not what the bankruptcy court did.

Nor is the probate exception relevant. That rule precludes a federal court from administering a decedent's estate or probating a will, *see Markham v. Allen*, 326 U.S. 490, 494 (1946); *Storm v. Storm*, 328 F.3d 941, 943–44 (7th Cir. 2003), or interfering with probate proceedings by contradicting a state court's judgment, *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 358–59 & n.10 (3d Cir. 2004). We have not decided whether the exception applies in bankruptcy cases, although that question divides our sister circuits. *Compare Goerg v. Parungao*, 844 F.2d 1562, 1565 (11th Cir. 1988) (explaining that probate exception applies only to diversity jurisdiction) *with In re Marshall*, 392 F.3d 1118, 1131–32 (9th Cir. 2004) (applying exception to bankruptcy proceedings that resulted in conflicting state and federal judgments). And we need not answer the question here because the exception has no possible relevance to this appeal. The bankruptcy court did not interfere with the probate matter; all the bankruptcy court did was decide that the inheritance claim belonged to the bankruptcy estate, and that the trustee's proposed settlement was in that estate's best interests.

Alternatively, Ring argues that her inheritance claim was not property of the bankruptcy estate. A debtor's legal claims are presumptively part of the bankruptcy estate administered by the Chapter 7 trustee. *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2000); *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472–73 (7th Cir. 1999); *see Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232 (3d Cir. 2001) (right to appeal adverse judgment legal cause of action belonging to bankruptcy estate). Like other property, though, a legal claim may remain outside the estate if the debtor utilizes an available exemption, 11 U.S.C. § 522, or the claim may revert back to the debtor if the trustee chooses to abandon it as estate property, *id.* § 554. Ring insists that the trustee abandoned her inheritance claim by promising not to pursue it during a telephone conversation with her bankruptcy lawyer, but Ring waived this contention by not asserting it in the bankruptcy court, *see In re Kroner*, 953 F.2d 317, 319 (7th Cir. 1992). Regardless, a trustee cannot abandon property of the estate without notice to creditors, which was not given here. *See* Fed. R. Bankr. P. 6007(a). Ring also contends that the inheritance claim was exempt property. Ring successfully exempted $7,374 of the settlement proceeds because no one objected, *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), but to the extent the value of the inheritance claim exceeded that amount it remained estate property under the trustee's control. *Polis*, 217 F.3d at 903; *In re Salzer*, 52 F.3d 708, 712 (7th Cir. 1995); *Cable*, 200 F.3d at 473.

Last, Ring maintains that even if the claim was part of the bankruptcy estate, the bankruptcy court abused its discretion by confirming the settlement based on the trustee's mistaken belief that the action was time-barred.  She explains—citing a Wisconsin case decided after the hearing—that the statute of limitations for paternity suits would not have prevented her from establishing in the probate proceedings that Wrezic was her father.  *See* Wis. Stat. § 893.88; *In re Estate of Thompson*, 661 N.W.2d 869, 881 (Wis. Ct. App. 2003).  In a bankruptcy case, a court measures the value of settlement by asking whether it was in the estate's best interests.  *In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989); *In re Am. Reserve Corp.*, 841 F.2d 159, 161–62 (7th Cir. 1987).  This inquiry requires the court to weigh the advantages of settlement, the probable costs and benefits of pursuing litigation, and the likelihood of wasting assets.  *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 585–88 (7th Cir. 1994); *In re Energy Coop., Inc.*, 886 F.2d at 927.  Here, the bankruptcy court concluded that the inheritance claim had a negligible chance of success and that settlement was a good deal for the estate, and we agree.  Even if we assume that Ring is correct about the statute of limitations, she has pointed to no admissible evidence of her purported relation to Wrezic.  In the state court she offered only her aunt's unsworn statement claiming that Ring's mother had said Ring was Wrezic's daughter, along with DNA evidence that by Ring's own account shows only that she and her brother are half-siblings.  The bankruptcy court did not abuse its discretion, and the judgment of the district court is AFFIRMED.