NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008[*]
Decided February 25, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 06-3875

| | |
|---|---|
| In the Matter of: | Appeal from the United States District Court for the Western District of Wisconsin |
| DONNA S. RING, *Debtor-Appellant.* | |
| | No. 06-C-385 |
| | John C. Shabaz, *Judge*. |

**O R D E R**

Donna Ring filed for Chapter 7 bankruptcy in 2002. At the time, she had a pending lawsuit in Wisconsin state court claiming entitlement to part of the estate of a man she said was her biological father. The trustee took control of the litigation and reached a settlement that was approved by the bankruptcy court. Ring received most of the settlement proceeds—over $7,000—because her remaining "wild card" exemption, *see* 11 U.S.C. § 522(d)(5), allowed her to withhold up to that amount from the bankruptcy estate. The remainder—about $4,000—went to the estate. Ring appealed the bankruptcy court's approval of the settlement, arguing that the amount was too low and, alternatively, that all of the money should have gone to her because,

---

[*]The trustee in bankruptcy, William Rameker, notified this court that he would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

she insisted, the claim was not property of the estate. The district court affirmed, as did we. *In re Ring*, 138 F. App'x 834 (7th Cir. 2005) (unpublished order). But Ring was still unsatisfied. When the trustee filed his final report and submitted an application for compensation in February 2006, Ring objected and moved to require him to pay her the balance of the settlement proceeds. After a hearing the bankruptcy court approved the final report and the trustee's application for compensation. The court did not issue a written order denying Ring's motion but did say at the hearing that the question of her relative share already had been decided on appeal. Ring appealed to the district court, but while her appeal was pending the trustee took his authorized compensation and fully depleted the bankruptcy estate. On that basis the district court concluded that Ring's challenge to the compensation award was moot and dismissed her appeal on August 31, 2006.

Eight days later Ring moved for "rehearing," which the district court denied on September 11. She tried again on September 21 to convince the district court to reconsider, this time filing a motion ostensibly seeking to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). This second motion did not further toll the deadline for appealing the underlying judgment, *see Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 558 (7th Cir. 1999); *Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir.1986), and we have construed it as a motion under Federal Rule of Civil Procedure 60(b) because Ring filed it more than 10 business days after judgment was entered, *see Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). The district court denied the second motion on September 25, and Ring did not file a notice of appeal until October 25. That was too late to give us jurisdiction over the August 31 judgment, *see* FED. R. APP. P. 4(a)(1)(A), (a)(4)(A), and thus we notified Ring that our review is limited to the September 25 order denying what we have construed as a Rule 60(b) motion. *See In re Ring*, No. 06-3875 (7th Cir. Oct. 26, 2006) (interim order).

We review a denial of a Rule 60(b) motion for abuse of discretion. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In her motion Ring primarily argues that the district court made a legal error in concluding that her appeal was moot. Rule 60(b) provides an "extraordinary remedy," *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995), that permits a district court to grant relief based on information that was unavailable when judgment was entered, *see Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). A litigant cannot present arguments in a motion under Rule 60(b) that could have been made to the district court in a timely motion for reconsideration or to this court on appeal from the underlying judgment. *See Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 (7th Cir. 1996). An argument—like Ring's—that the district court committed legal error does not fit the narrow purpose of Rule 60(b) and could have been raised on appeal. *See Gleash*, 308 F.3d at 761; *Marques v. Fed. Reserve Bank of Chicago,* 286 F.3d 1014, 1017-18 (7th Cir. 2002). Thus, the district court did not abuse its discretion when it denied Ring's motion. Ring's remaining arguments have been considered but do not require discussion.

AFFIRMED.