**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-13-1148-KuPaTa |
| ROBERT W. HUNT M.D., a Medical Corporation, | Bk. No.   11-58228 |
| Debtor. | |
| PELI POPOVICH HUNT, Agent for Robert W. Hunt M.D., a Medical Corporation & Trustee of 2007 Restated Robert & Peli Hunt Living Trust, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| DAVID M. GOODRICH, Chapter 7 Trustee, | |
| Appellee. | |

Argued and Submitted on February  20, 2014
at Pasadena, California

Filed – March 26, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

Appearances:    Franklin Pegues Jeffries argued for appellant Peli Popovich Hunt, as agent for Robert W. Hunt M.D., a Medical Corporation, and as trustee of the 2007 Restated Robert & Peli Hunt Living Trust; Jill R. Schecter argued for appellee David M. Goodrich, Chapter 7 Trustee.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: KURTZ, PAPPAS and TAYLOR, Bankruptcy Judges.

**INTRODUCTION**

Peli Popovich Hunt,[1] as agent for Robert W. Hunt, MD, a Medical Corporation ("MD"), and as trustee of the 2007 Restated Robert & Peli Hunt Living Trust ("Hunt Trust"), appeals from the order disallowing MD's exemption claims and from the order denying MD's motion to modify the disallowance order.

The bankruptcy court correctly held that MD, as a corporation, is not entitled to claim any exemptions under 11 U.S.C. § 522(b).[2]  The bankruptcy court also correctly held that Cal. Probate Code §§ 16335 and 19324, on which MD relied as the statutory grounds for its exemption claims, do not actually confer any exemptions.  Therefore, we AFFIRM.

**FACTS**

MD commenced its voluntary chapter 11 bankruptcy case in November 2011.[3]  Peli signed all of MD's initial schedules and its initial statement of financial affairs as an officer of the corporation.  Also, she identified herself therein as MD's

---

[1]We refer to Peli Popovich Hunt herein by her first name, Peli, for ease of reference.  No disrespect is intended.

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3]To facilitate our analysis and disposition of this appeal, we have drawn some of our facts from items referenced in the bankruptcy court's case docket.  We take judicial notice of the record in the underlying bankruptcy case.  See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

2

president, treasurer, secretary, director and 100% owner.[4] The bankruptcy court subsequently appointed a chapter 11 trustee and, on the chapter 11 trustee's motion, thereafter converted the case to chapter 7. David Goodrich was appointed to serve as chapter 7 trustee.

MD did not initially file any Schedule C listing exemptions claimed. This was an intentional omission. As stated in MD's chapter 11 disclosure statement: "Debtor is a corporation and has not filed Schedule C, and thus does not claim any exemptions by way of Schedule C." Disclosure Statement (April 15, 2012) at 17:10-11. Nonetheless, on October 15, 2012, MD filed papers indicating that it was claiming as exempt a host of assets, including: the medical office building from which it conducted its business ("Offices"); its accounts receivables; rental derived from leasing some of the Offices; ten acres of vacant land in Cotulla, Texas; several parcels of real property located in Glendale, California; its goodwill; its medical records; and so on. The statutory bases stated for each of the exemption claims were § 522(b) and Cal. Probate Code §§ 16335 and 19324.

On November 28, 2012, within thirty days of the conclusion of the § 341(a) meeting in the chapter 7 case, Goodrich filed an objection to all of MD's exemption claims. As pointed out by Goodrich, only individual debtors can claim exemptions under § 522(b), and MD by its own admission was a corporation.

---

[4]In a later version of MD's schedules and statement of financial affairs, filed after the case was converted to chapter 7, Peli identified herself merely as MD's "agent" and specified that MD was 100% owned by the Hunt Trust.

3

Furthermore, Goodrich noted, the provisions of the California Probate Code relied upon by MD did not actually provide for any exemptions.

MD filed a response, in which it contended that certain procedural defects existed which invalidated Goodrich's exemption claim objection. According to MD, Goodrich did not timely or properly accept his appointment as chapter 7 trustee, and he had not posted the requisite bond. MD further asserted that the exemption objection was untimely and that the objection should have been signed by Goodrich's counsel of record rather than Goodrich himself.

On January 9, 2013, the bankruptcy court held a hearing on the exemption claim objection and, for the reasons stated in the objection, sustained the objection in its entirety. On January 14, 2013, the bankruptcy court entered an order sustaining Goodrich's objection and disallowing MD's exemption claims.

On January 28, 2013, MD filed a motion to modify the court's order disallowing its exemption claims. The motion to modify reiterated MD's concerns regarding the timeliness of the exemption claim objection and regarding Goodrich's allegedly improper and untimely notice of his appointment as chapter 7 trustee. The modification motion also complained about how the hearing on the exemption claim objection was conducted and the amount of time the court waited before entering the order sustaining the objection. In essence, MD asserted, it was not given a full and fair opportunity to respond to the exemption claim objection. Goodrich opposed the motion to modify, and MD

4

filed a reply.

On March 13, 2103, the bankruptcy court entered a memorandum decision and a separate order denying the modification motion. According to the bankruptcy court, MD had not offered any grounds that would justify reconsideration of the order sustaining Goodrich's exemption claim objection.

On March 25, 2013, MD timely filed a notice of appeal from the order denying its modification motion and from the order disallowing its exemption claims.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court err when it disallowed MD's exemption claims?

2. Did the bankruptcy court abuse its discretion when it denied MD's modification motion?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's interpretation of state exemption laws, as well as its interpretation of the Bankruptcy Code. See Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 545 (9th Cir. BAP 2009). Under the de novo standard of review, "we consider a matter anew, as if no decision had been rendered previously." Mele v. Mele (In re Mele), 501 B.R. 357, 362 (9th Cir. BAP 2013).

In substance, MD's modification motion was a motion under Rule 9023 seeking to alter or amend the court's exemption claim

5

disallowance order. We review the denial of that motion for an abuse of discretion. In re Cerchione, 414 B.R. at 545. A bankruptcy court abuses its discretion if it identifies the incorrect legal standard to apply, or if its factual findings are illogical, implausible or without support in the record. See United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc).

## DISCUSSION

The commencement of a bankruptcy case creates a bankruptcy estate consisting of all of the debtor's property. See § 541; Wolfe v. Jacobson (In re Jacobson), 676 F.3d 1193, 1198 (9th Cir. 2012); Gaughan v. Smith (In re Smith), 342 B.R. 801, 805 (9th Cir. BAP 2006). The debtor may exempt property from the estate to the extent permitted by applicable law. See § 522(b); In re Jacobson, 676 F.3d at 1198. Typically, the debtor's entitlement to an exemption is determined based on the facts and law as they existed at the time of the debtor's bankruptcy filing. See In re Jacobson, 676 F.3d at 1199; Ford v. Konnoff (In re Konnoff), 356 B.R. 201, 204-05 (9th Cir. BAP 2006). And the trustee bears the burden of proof to establish that the debtor is not entitled to the claimed exemption. See In re Cerchione, 414 B.R. at 548-49.

The right to claim property as exempt from property of the estate under § 522(b) is afforded only to "individual" debtors. See § 522(b)(1); Andrada Financing, LLC v. Humara Group, Inc. (In re Andrada Financing, LLC), 2011 WL 3300983, at *1 n.3 (9th Cir. BAP 2011). As one leading treatise states, "[s]ection 522(b)(1) allows individual debtors to claim property as exempt

6

from the bankruptcy estate.  Since individuals are distinct from partnerships and corporations, those forms of enterprises are not eligible to claim exemptions."  4 Collier on Bankruptcy ¶ 522.04[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013) (footnotes omitted).  Because MD, as a corporation, was not entitled to claim exemptions under § 522(b), the bankruptcy court correctly disallowed MD's exemption claims.

Even if MD were entitled to claim exemptions under § 522(b), the California statutes on which it relied in support of its exemption claims did not grant MD any exemption rights. California has elected not to make available to its residents the federal bankruptcy exemptions set forth in § 522(d). In re Jacobson, 676 F.3d at 1198.  Consequently, California residents are limited to those exemptions permitted by California law.  See id.; Cal. Civ. Proc. Code § 703.130.

The exemptions that California has granted to its residents generally are found at Cal. Civ. Proc. Code §§ 703.140(b) and 704.010, et seq.  See Garcia v. Orange Cnty's Credit Union (In re Garcia), 451 B.R. 909, 913 (C.D. Cal. 2011), aff'd, 709 F.3d 861 (9th Cir. 2013); Sticka v. Applebaum (In re Applebaum), 422 B.R. 684, 686 n.2 (9th Cir. BAP 2009); see also Kono v. Meeker, 196 Cal.App.4th 81, 86 (2011) ("The kinds and degrees of property exempt from levy are described in sections 704.010 through 704.210.").  Here, MD did not attempt to claim any exemptions under either Cal. Civ. Proc. Code §§ 703.140(b) or 704.010, et seq.  Instead, it relied upon two statutes from California's Probate Code to support all of its exemption claims.

7

The first statute MD relied upon, Cal. Probate Code § 16335,[5] generally concerns what the fiduciary of a trust or a decedent's estate is permitted to do and is required to do in terms of allocating receipts and disbursements between principal and income.

The second statute MD relied upon, Cal. Probate Code § 19324,[6] deals with the allocation of debt between a trust and a

[5]Cal. Probate Code § 16335 provides in part as follows:

(a) In allocating receipts and disbursements to or between principal and income, and with respect to any other matter within the scope of this chapter, a fiduciary:

(1) Shall administer a trust or decedent's estate in accordance with the trust or the will, even if there is a different provision in this chapter.

(2) May administer a trust or decedent's estate by the exercise of a discretionary power of administration given to the fiduciary by the trust or the will, even if the exercise of the power produces a result different from a result required or permitted by this chapter, and no inference that the fiduciary has improperly exercised the discretion arises from the fact that the fiduciary has made an allocation contrary to a provision of this chapter.

(3) Shall administer a trust or decedent's estate in accordance with this chapter if the trust or the will does not contain a different provision or does not give the fiduciary a discretionary power of administration.

(4) Shall add a receipt or charge a disbursement to principal to the extent that the trust or the will and this chapter do not provide a rule for allocating the receipt or disbursement to or between principal and income.

[6]Cal. Probate Code § 19324 provides in part as follows:
(continued...)

8

surviving spouse of the settlor.  On their face, neither of these statutes entitled MD to claim an exemption.  California

[6](...continued)
(a) The trustee, the personal representative, if any, of a deceased settlor's probate estate, and the surviving spouse may provide for allocation of debts by agreement so long as the agreement substantially protects the rights of other interested persons.  The trustee, the personal representative, or the spouse may request and obtain court approval of the allocation provided in the agreement.

(b) In the absence of an agreement, each debt subject to allocation shall first be characterized by the court as separate or community, in accordance with the laws of the state applicable to marital dissolution proceedings.  Following that characterization, the debt or debts shall be allocated as follows:

(1) Separate debts of either spouse shall be allocated to that spouse's separate property assets, and community debts shall be allocated to the spouses' community property assets.

(2) If a separate property asset of either spouse is subject to a secured debt that is characterized as that spouse's separate debt, and the net equity in that asset available to satisfy that secured debt is less than that secured debt, the unsatisfied portion of that secured debt shall be treated as an unsecured separate debt of that spouse and allocated to the net value of that spouse's other separate property assets.

(3) If the net value of either spouse's separate property assets is less than that spouse's unsecured separate debt or debts, the unsatisfied portion of the debt or debts shall be allocated to the net value of that spouse's one-half share of the community property assets. If the net value of that spouse's one-half share of the community property assets is less than that spouse's unsatisfied unsecured separate debt or debts, the remaining unsatisfied portion of the debt or debts shall be allocated to the net value of the other spouse's one-half share of the community property assets.

9

exemptions are exclusively the product of legislative enactment, in the form of statutory exemption provisions, and courts interpreting those provisions may not confer exemptions not specifically provided for by statute. See Collect Access LLC v. Hernandez (In re Hernandez), 483 B.R. 713, 724 (9th Cir. BAP 2012) (citing Ford Motor Credit Co. v. Waters, 166 Cal.App.4th Supp. 1, 8 (2008)); Kono, 196 Cal.App.4th at 86.

In order to claim an exemption, the debtor must state the statutory basis for the exemption claim. See Schwab v. Reilly, 130 S.Ct. 2652, 2663 (2010) (indicating that the trustee and the bankruptcy court are entitled to evaluate exemption claims based on the statutory grounds stated in the debtor's Schedule C); 9 Collier on Bankruptcy, supra, at ¶ 4003.02[1]. Because neither Cal. Probate Code § 16335 nor Cal. Probate Code § 19324 confer any exemption rights, neither statute provides any legal basis for MD's exemption claims. This is another reason that we conclude that the bankruptcy court correctly disallowed them.

On appeal, MD reiterates the same procedural concerns it raised in the bankruptcy court. First and foremost, MD contends that Goodrich's exemption claim objection was untimely filed, citing § 521(a)(2)(A) and (B) and Taylor v. Freeland & Kronz, 503 U.S. 638 (1992). But nothing in either § 521 or in Taylor required the bankruptcy court to conclude that Goodrich's objection was untimely. Rule 4003(b) set the deadline for objecting to MD's exemption claims, and that deadline was 30 days after the conclusion of the § 341(a) meeting of creditors or 30 days after the filing of any amendment to the debtor's schedules, whichever was later. See Rule 4003(b); Schwab,

10

130 S.Ct. at 2658 ("Subject to exceptions not relevant here, the Federal Rules of Bankruptcy Procedure require interested parties to object to a debtor's claimed exemptions within 30 days after the conclusion of the creditors' meeting held pursuant to Rule 2003(a).").

Here, MD filed its Schedule C on October 5, 2012, for the first time attempting to claim its assets as exempt. And Goodrich concluded the § 341(a) meeting of creditors on November 6, 2012. Under these facts, the deadline for Goodrich to file his exemption claim objection was December 6, 2012 (30 days after conclusion of the § 341(a) meeting of creditors). Consequently, Goodrich's exemption claim objection, filed on November 28, 2012, was timely. Thus, MD's contention regarding the timeliness of the objection is meritless.[7]

MD also claims that Goodrich did not properly and timely accept and qualify for his appointment as chapter 7 trustee, so his exemption claim objection was invalid. According to MD, Goodrich was required under § 322, within seven days of his appointment, to do each of the following: (1) to file with the court an individual bond covering his conduct in the case, and (2) to file and serve notice of his acceptance of the appointment. We disagree. Based on the Bankruptcy Rules governing the acceptance and qualification of trustees, there was

---

[7]The fact that MD's case had been converted from chapter 11 to chapter 7 does not change our analysis. Subject to a handful of exceptions not applicable here, the Federal Rules of Bankruptcy Procedure explicitly provide for the commencement of a new limitations period under Rule 4003(b) after a case has been converted to chapter 7. See Rule 1019(2)(B).

11

nothing improper or untimely about Goodrich's acceptance and qualification. More specifically, Rule 2010 permitted Goodrich to post a blanket bond covering his trustee services in multiple cases, and Rule 2008 did not require Goodrich to file or serve anything before his appointment as trustee became effective. In relevant part, Rule 2008 provides:

> A trustee that has filed a blanket bond pursuant to Rule 2010 and has been selected as trustee in a chapter 7, chapter 12, or chapter 13 case that does not notify the court and the United States trustee in writing of rejection of the office within seven days after receipt of notice of selection <u>shall be deemed to have accepted the office</u>.

(Emphasis added.)

Here, on July 30, 2012, the United States Trustee filed a notice stating that Goodrich had been appointed to serve as chapter 7 trustee and that the case was covered by a blanket bond on file with the court. When Goodrich did not reject this appointment in writing within seven days, his appointment as MD's chapter 7 trustee automatically became effective, per Rules 2008 and 2010.

Moreover, a notice of commencement of the chapter 7 case was served on MD's counsel on August 1, 2012. That notice identified Goodrich as the case trustee. If MD had any genuine concern regarding Goodrich's selection, acceptance or qualification as trustee, MD should have acted upon receipt of that notice. Instead, MD waited until Goodrich took actions in the case that MD opposed and then attempted to invalidate those actions by raising unfounded concerns regarding Goodrich's qualification and acceptance of his appointment as trustee.

Even if there had been some technical defect associated with

12

Goodrich's qualification and acceptance (there was not), it is unlikely that such a defect would have justified the invalidation of Goodrich's filings and other official actions months after the fact. See generally Granderson v. Carpenter (In re Granderson), 252 B.R. 1, 5-6 (1st Cir. BAP 2000) (holding that § 322 is not jurisdictional and that untimely filing of trustee's bond did not invalidate trustee's actions in chapter 7 case). To hold otherwise would encourage debtors who disagree with legitimate trustee activities to belatedly raise technical procedural arguments regarding trustee appointment, qualification and acceptance, at the expense of the proper, expeditious and economical functioning of chapter 7 cases.

MD next argues that Goodrich's counsel of record in this case, rather than Goodrich himself, should have signed and filed the exemption claim objection. According to MD, because Goodrich rather than his counsel signed and filed the objection, the bankruptcy court should have struck the objection. We disagree.

The chapter 7 trustee represents the interests of the bankruptcy estate and has the authority to sue and be sued on behalf of the estate. See § 323. Furthermore, the trustee is obligated to conserve the estate's assets and maximize the distribution to the estate's creditors. United States ex rel. Block v. Aldrich (In re Rigden), 795 F.2d 727, 730 (9th Cir. 1986). In order to conserve estate assets and maximize creditor recoveries, the trustee may appear in the bankruptcy court without the assistance of counsel to represent the estate's interests. See generally In re Virissimo, 354 B.R. 284, 296-97

13

(Bankr. D. Nev. 2006) (discussing when trustee should be expected to pursue routine bankruptcy court matters without the assistance of counsel); In re Perkins, 244 B.R. 835, 844 (Bankr. D. Mont. 2000) (same). In fact, the Local Bankruptcy Rules for the Central District of California state that "Routine objections to exemption" are deemed by the court to be "'trustee services' subject to the limitation on compensation contained in 11 U.S.C. § 326(a)." C.D. Cal. Local Bankr. R. 2016-2(e)(2)(L). Thus, the local rules indicate that the bankruptcy court typically considers it unnecessary and inappropriate for the trustee to utilize the assistance of counsel to make routine objections to exemption claims.

According to MD, once Goodrich retained counsel to represent him in the bankruptcy case, only that counsel could properly file the exemption claim objection on behalf of the bankruptcy estate. MD cited Rule 9011 to support this argument.[8] We decline to construe Rule 9011 as prohibiting bankruptcy trustees from representing themselves in exemption claim objection proceedings once they have retained general bankruptcy counsel. To do so might unnecessarily increase estate costs at the expense of the estate's creditors. The principal purpose of Rule 9011 is to discourage counsel and unrepresented litigants from filing frivolous papers in the bankruptcy court or from filing papers for improper purposes. See Marsch v. Marsch (In re Marsch),

[8]At times, MD actually referred to Rule 8011, but Rule 8011 has nothing to do with who must sign and file papers with the bankruptcy court. Rule 8011 deals with motions filed in bankruptcy appeals.

14

36 F.3d 825, 829-30 (9th Cir. 1994). That purpose is not impeded by permitting bankruptcy trustees to represent themselves in appropriate bankruptcy matters, even when the trustees have retained general bankruptcy counsel. Provided that the bankruptcy trustee has signed the papers to be filed, as Goodrich did here, the trustee has sufficiently complied with the requirements of Rule 9011(a). By signing and filing such papers, the trustee thereby certifies the propriety of the papers filed, in accordance with Rule 9011(b), to the same extent as the trustee's counsel would have if counsel had signed the papers on the trustee's behalf.

At bottom, this argument is nothing more than another attempt by MD to turn a spurious procedural defect into grounds for invalidating the trustee's meritorious exemption claim objection. We are not persuaded that either Rule 9011 or any other Rule or provision of the Bankruptcy Code required the bankruptcy court to strike the objection.

The only other challenge to the exemption claim disallowance order we can discern from MD's opening appeal brief appears substantive in nature. But that argument is difficult to follow at best and incomprehensible at worst. As best we can make out, MD's representative, Peli, is arguing that either she or the Trust is the true owner of most or all of MD's assets. But this argument does not support MD's position in this appeal. Even if we were to assume the truth and validity of Peli's ownership allegations, that would only serve to establish yet another reason why the court properly disallowed MD's exemption claims. On its face, § 522(b)(1) only permits an individual debtor to

15

exempt property from his or her own bankruptcy estate.  Thus, if MD really has no ownership interest in the assets claimed as exempt, then MD could not properly claim an exemption in them under § 522(b)(1).

MD also challenges on appeal the bankruptcy court's denial of its modification motion.  To establish grounds for amendment or alteration of the exemption claim disallowance order, MD needed to demonstrate one or more of the following: (1) that it could present "newly discovered evidence that was not available at the time of the original hearing," (2) that the bankruptcy court "committed clear error or made an initial decision that was manifestly unjust," or (3) that "there is an intervening change in controlling law."  Fadel v. DCB United LLC (In re Fadel), 492 B.R. 1, 18 (9th Cir. BAP 2013).

Once again, MD's arguments are difficult to follow.  However, for the most part, MD attempted in its modification motion to reargue the same points it argued in support of its exemption claims.  Rehashing arguments previously made and rejected is neither appropriate nor sufficient to support a motion to alter or amend a bankruptcy court's judgment or order.  See id.

For the first time in its modification motion, MD appears to complain that Goodrich did not file a reply in support of his exemption claim objection and chose to rest on the bankruptcy court's tentative ruling rather than orally argue in support of his objection.  MD also complains that the bankruptcy court signed and entered Goodrich's proposed form of order disallowing MD's exemption claims without waiting for the time period to

16

expire under Local Bankruptcy Rule 9021-1(b)(3)(B), which permits the adverse party an opportunity to object to the <u>form</u> of the proposed order.

But none of MD's complaints about the procedures the bankruptcy court utilized justified modification of the court's exemption claim disallowance order. The record establishes that MD had a full and fair opportunity to present all of its arguments in support of its exemption claims and that none of these arguments had any merit. The record further establishes that MD's so-called objections to the form of Goodrich's proposed order were nothing more than an attempt to reargue the merits of its exemption claims. Because no amount of additional response time and no amount of additional briefing would have rendered MD's merits arguments any more valid or effective, any error of the bankruptcy court concerning its hearing practices or concerning its consideration of Goodrich's proposed form of order necessarily was harmless. And we must ignore harmless error. See <u>Van Zandt v. Mbunda (In re Mbunda)</u>, 484 B.R. 344, 355 (9th Cir. BAP 2012).

In sum, the bankruptcy court did not abuse its discretion in denying the modification motion.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order sustaining Goodrich's exemption claim objection, and we also AFFIRM the bankruptcy court's order denying MD's modification motion.

17